IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| **DUSTIN C. LAWSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Action No. 1:19-00355 |
| | ) |
| **FCI MCDOWELL,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On May 6, 2019, Plaintiff, acting *pro se*,[1] filed what this Court construed as a letter-form Complaint seeking relief pursuant Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 1.) Following an initial screening of Plaintiff's case, the undersigned entered an Order on May 7, 2019, directing Plaintiff to "(1) amend his Complaint, and (2) either pay the filing and administrative fee or file an Application to Proceed *in Forma Pauperis* by June 7, 2019." (Document No. 3.) On June 3, 2019, Plaintiff filed his Application to Proceed Without Prepayment of Fees and Costs and his Amended Complaint. (Document Nos. 4 and 5.) In his Amended Complaint, Plaintiff names the following as Defendants: (1) FCI McDowell; and (2) Officer Thompson, Unit Officer/Transporter. (Id.) Plaintiff appears to allege that Defendants violated his Eighth Amendment rights. (Id.) Specifically, Plaintiff alleges as follows:

> I had torn my achilles tendon and was transported to Oak Hill Hospital to have surgery. 11-5-2018 was my surgery date. Upon arriving at FCI McDowell at approximately 9:15 p.m. while in R&D, I made the comment to Officer Thompson

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

that my throat was very sore. Officer Thompson replied, "I forgot the guy's name who done that to you! I think his name was Steve." I replied, "what?" Officer Thompson said, "Oh, I shouldn't of said that!" Considering I was unconscious for surgery and this officer just made the insinuating statement he orally sexually molested me while [I] unconscious. Officer Thompson was the last person I saw before I was out for surgery.

(Id., p. 4.) As relief, Plaintiff requests the following: "I want to find out if this happened to me and find out who this person "Steve" is. I have had nightmares about this since this has happened to me. I cannot get answers. I have filed and exhausted all remedies but no one will get the truth. I want the Court to investigate and question this Officer Thompson." (Id., p. 5.)

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

2

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

**1.      Improper Parties:**

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971);

3

See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). In his Amended Complaint, Plaintiff names FCI McDowell as a Defendant. As stated above, the foregoing is an improper party. The undersigned, therefore, respectfully recommends that Plaintiff's Amended Complaint be dismissed as to FCI McDowell.

**2.      Eighth Amendment:**

In his Complaint, Plaintiff alleges a violation of his rights under the Eighth Amendment. (Document No. 1.) As a general matter, punishments prohibited under the Eighth Amendment include those that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v.

Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v. Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety).

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991); also see King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993))("[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison

conditions on the part of prison officials.'"); Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008)(explaining that the above requirements "spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'") To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). To demonstrate an "extreme deprivation," a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." Odom v. South Caroline Dept. of Corrections, 349 F.3d 765, 770 (4th Cir. 2003); also see Wilson v. Seiter, 501 U.S. at 298, 111 S.Ct. at 2321(A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities."); White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") To satisfy the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health and safety by defendants. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case must therefore allege and establish that each Defendant was aware of the excessive risk to Plaintiff's health or safety and each Defendant disregarded that risk.

Plaintiff appears to contend that he may have been sexually assaulted on the day of his surgery because he had a sore throat following surgery. (Document No. 5.) In support of the forgoing, Plaintiff merely states that in response to Plaintiff's comment that he had a sore throat, Officer Thompson responded as follows: "I forgot the guy's name who done that to you. I think his name was Steve." A complaint is "frivolous" if it contains factual allegations and legal conclusion that lacks an arguable basis either in law or fact. Neitzke, 490 U.S. at 325, 109 S.Ct. at 1831 - 32. The United States Supreme Court has identified factually frivolous complaints as one involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of irrational or wholly incredible, whether or not there are judicially notifiable facts available to contradict them." Denton, 504 U.S. at 32 – 33, 112 S.Ct. at 1733. In considering the above, the Court may "apply common sense." Nasim v. Warden, 64 F.3d 951, 954 (4th Cir. 1995). The undersigned finds that Plaintiff's allegation that he may have been sexual assaulted merely because he had a sore throat after surgery to be irrational. It is common knowledge that patients often have a sore throat following surgery because the use of general anesthesia requires the placement of a breathing tube. Officer Thompson's comments insinuating that Plaintiff was sexually assaulted constitutes nothing more than verbal abuse or harassment. The verbal harassment or verbal abuse of an inmate by prison guards, without more, is insufficient to state a constitutional deprivation. Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987); also see Lindsey v. O'Connor, 2009 WL 1316087, at * 1 (3rd Cir. (Pa.))(holding that "[v]erbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment"); Purcell v. Coughlin, 790 F.2d 263, 265 (2nd Cir. 1986)(stating that name-calling does not rise to the level of a constitutional violation); Collins v. Cundy, 603 F.2d 825, 827

(10th Cir. 1979)(finding that a sheriff's threats to hang a prisoner were insufficient to state a constitutional deprivation). Additionally, sexually harassment, absent contact or touching, is insufficient to state a constitutional claim. See Jackson v. Holley, 666 Fed.Appx. 242, 244 (4th Cir. 2016)(quoting Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)("[A]lthough prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessary extend to mere verbal sexual harassment"); Morales v. Mackalm, 278 F.2d 126, 132 (2nd Cir. 2002)(abrogated on other grounds)(allegations that a prison guard asked an inmate to have sex with her and to masturbate in front of her did not rise to the level of an Eighth Amendment violation); Barney v. Pulsipher, 143 F.3d 1299, 1311, n. 11 (10th Cir. 1986)(allegations that a jailer subjected females prisoners to severe verbal sexual harassment was not sufficient to state a claim under the Eighth Amendment); Howard v. Everett, 2000 WL 268493, * 1 (8th Cir. March 10, 2000)(sexual comments and gestures by prison guards did not constitute an Eighth Amendment violation); Murray v. United States Bureau of Prisons, 1997 WL 34677, * 3 (6th Cir. Jan. 28, 1997)(offensive remarks regarding a transsexual prisoner's body appearance and presumed sexual preference failed to state an Eighth Amendment claim); Wilder v. Payne, 2014 WL 6772265, *7-8(N.D.W.Va. Dec. 1, 2014)(finding that a prison guard's offensive and unprofessional sexual comments failed to state an Eighth Amendment claim). Accordingly, the undersigned finds that Plaintiff's Amended Complaint does not present a claim of constitutional magnitude for which relief can be granted.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's

Application to Proceed Without Prepayment of Fees and Costs (Document No. 4), **DISMISS** Plaintiff's Complaints (Document No. 1 and 5), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: March 4, 2022.



Omar J. Aboulhosn
United States Magistrate Judge